UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMMANUEL EVARISTE,<br>Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, et al.,<br>Defendants. | )<br>)<br>)<br>)   Civil Action No.<br>)   19-11231-IT<br>)<br>)<br>)<br>)<br>) |

## ORDER

**TALWANI, D.J.**

Plaintiff Emmanuel Evariste, an immigration detainee in custody at the Bristol County House of Correction, filed this action naming as defendants the City of Boston and Probation Officer Gordon Dimbrosio.

The court's records indicate that Evariste has another action pending against the same defendants. *See Evariste v. City of Boston, et al.*, C.A. No. 18-12596-NMG (the "2018 action"). On April 8, 2019, Evariste sought leave to amend the complaint filed in the 2018 action and included a copy of the proposed amended complaint. 2018 action Mot. [#36]; 2018 action Proposed Amd. Compl. [#36-1].

On June 3, 2019, while that motion was pending, Evariste filed the Complaint [#1] in this action. The Complaint [#1] here is formatted slightly differently than the proposed amended complaint submitted in the 2018 action and omits the 2018 case number, but is otherwise the same. Although the complaint was submitted without payment of the filing fee or a motion for leave to proceed *in forma pauperis*, it was docketed as a new civil action and randomly assigned to the undersigned.

On June 11, 2019, Evariste's motion to amend the complaint was allowed in the 2018 action and the amended complaint was docketed in that action. 2018 action Mem. & Order [#37]; Amended Complaint [#38]. The June 11 order advised Evariste that the Amended Complaint is subject to dismissal for failure to state a claim. 2018 action Mem. & Order [#37].

Because Evariste's claims are before the court in the 2018 action, there is no reason for a separate action. See *O'Reilly v. Curtis Pub. Co.*, 31 F. Supp. 364, 364-65 (D. Mass. 1940) ("the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit."). Thus, this second action will be dismissed pursuant to the court's inherent authority to control its docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (a federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Based upon the foregoing, it is it is hereby ORDERED that

1. The Complaint [#1] is dismissed pursuant to the court's inherent power.
2. The clerk shall enter a separate order of dismissal.

**So ordered.**

        /s/ Indira Talwani
        Indira Talwani
        United States District Judge

Dated: July 3, 2019